IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE RULE 45 SUBPOENA ISSUED TO MARLO GIBSON IN THE MATTER OF: ) | **NO.: 23-MC-0013-KD-MU** |
| ) | |
| LERON LEWIS, JR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Lead Case – S.D. ILL. |
| ) | No. 3:20-cv-1355-RJD |
| HIRSCHBACH MOTOR LINES, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on the Supplement to Rule 45(f) Motion to Transfer, Rule 45(g) Motion to Show Cause, or in the alternative, for Civil Contempt, Against Marlo Gibson, and for Service of Process via Publication (Doc. 8) filed by Hirschbach Motor Lines, Inc. and Eric Jerome Campbell, Sr. (the "Movants") on October 2, 2023. This motion has been referred to the undersigned Magistrate Judge for disposition. As set forth below, the motion for service of process via publication is **GRANTED.** The motion to transfer and the motion for civil contempt are held in abeyance until non-party Marlo Gibson is given notice and an opportunity to respond.

On August 18, 2023, Movants filed their Rule 45 action in this Court to compel the appearance of non-party Marlo Gibson for deposition, on the grounds that he had previously failed to appear without justification on three properly noticed deposition dates and recently evaded service of the fourth and instant deposition subpoena, which Movants attempted to have served via process server at his last known address: 1500 Hillcrest Rd, Apt 1128, Mobile, AL 36695-3964. On August 31, 2023, this Court directed

the Clerk to mail the Order it entered requiring Mr. Gibson to respond to Movant's Motion to Show Cause and for Civil Contempt (Doc. 5), along with a copy of the motion (Doc. 1), to Mr Gibson. The Order was sent to Mr. Gibson at the above address via certified mail with return receipt requested and was subsequently returned by the post office with the notation "Return to Sender/Unable to Forward." (Docs. 5, 6). On September 25, 2023, this Court ordered Movants to provide Mr. Gibson's current mailing address to the Court by October 2. (Doc. 7).

On October 2, 2023, Movants filed the instant motion, stating, *inter alia,* that the above address is Mr. Gibson's last known address and the address where Movants effectuated proper service of a prior deposition subpoena by hand delivery to Samantha Longmier, an adult woman and his co-habitant at said address, who accepted service for Mr. Gibson on March 20, 2023. (Doc. 8, Ex. A). As detailed in Movant's motion to show cause, Mr. Gibson failed to appear without notice or justification for his deposition on the scheduled date, April 8, 2023. (Doc. 1 at Exs. A and D). Movants attempted to serve Mr. Gibson a subsequent deposition subpoena at the Hillcrest Road address in July 2023, again via process server. The process server attests that he attempted service at said address four times between July 26 and August 1, 2023. (Doc. 8 at Ex. B). On the second attempt, the process server observed a man and woman inside and informed them on their Ring door camera of his identity and purpose for being there. He overhead the woman say to the man inside, "See who's at the door." A message played on the Ring door camera stated that they could not come to the door at that time. The process server waited at the front door for approximately 10 minutes before departing and attested that the man and woman were talking amongst themselves the entire time.

(*Id*. at Ex. B at 1-2). The photographs attached by the process server to both the Affidavit of Service and subsequent Affidavit of Nonservice clearly demonstrate that all attempts were rendered at the correct apartment. (*Id*. at Ex. A at 3; Ex. B at 3). According to documents attached by Movants, the Hillcrest Road address is currently listed in the LexisNexis Public Records Database as Mr. Gibson's current address.[1] (*Id.* at Ex. C).

In the last year of the underlying litigation, Movants' counsel has attempted to contact Mr. Gibson through a myriad of methods, including email, phone calls, text messages, mailed letters, and through Datway's counsel of record, to no avail. (*Id.* at Ex. D). Movants submit that they have reasonably exhausted all practical means of finding and serving Mr. Gibson. Movants further aver that there is a preponderance of the evidence, per the above, that he is actively avoiding service. Movants have expended substantial costs and fees associated with Mr. Gibson's repeated failures to appear, including the cancellation of a court reporter on both occasions with insufficient notice to obtain a refund. (Doc. 1-4).

For Movants to properly move for a Writ of Body Attachment to secure Mr. Gibson's presence at his deposition, they require this Court to first issue a Rule to Show Cause against Mr. Gibson and/or find him in contempt. *See Avdeef v. Royal Bank of Scotland, P.L.C.,* 616 F. App'x 665, 668-69 (5th Cir. 2015); *Palmer v. City of Decatur*, No. 17-CV-3268, 2019 WL 13153994 (C.D. Ill. Dec. 9, 2019). The Court finds that Mr. Gibson must be provided notice and an opportunity to oppose Movants' motion for a

---

[1] LexisNexis Public Records analyzes 81 billion records from over 10,000 sources to create a public-records profile of a given individual with a single search thereof, including their current and prior addresses. *See* https://www.lexisnexis.com/en-us/products/public-records.page

show cause order or a finding of contempt. The Court also finds that Movants have attempted to serve Mr. Gibson through all reasonable means and that Mr. Gibson is actively avoiding service.

Movants request that this Court order that service of the instant Motion, the Court's response order, and other relevant filings in this Rule 45 ancillary action be made upon Mr. Gibson via publication. Under Federal Rules of Civil Procedure 4(e)(1), an individual may be served with process by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. Rule 4.3 of the Alabama Rules of Civil Procedure permits service via publication as follows:

> *Residence known; when publication appropriate*. When the residence of a defendant is known and the action is one in which service by publication is permitted, service of process must first be attempted by one of the methods of service other than publication as is provided by Rule 4 ....
>
> *Avoidance of service*. When a defendant avoids service and that defendant's present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned it to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication.... The mere fact of failure of service is not sufficient evidence of avoidance, and the affidavit required in subdivision (d)(1) of this rule must aver specific facts of avoidance.

Ala. R. Civ. Proc. 4.3(b)-(c).

Rule 4 of the Alabama Rules of Civil Procedure permits service on an individual by serving the individual or by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion. As discussed above, Movants have attempted service through this precise format on numerous prior occasions. Furthermore, Movants' process server has

4

endorsed via sworn affidavit a failure to render service on Mr. Gibson at said address between July 26 and August 1, 2023, and the affidavit provides information that Mr. Gibson and his cohabitant, Samantha Longmier, were home at the Hillcrest Road address at the relevant time, had actual or constructive notice of the process server's identity and purpose for being there, and yet did not answer the door. (Doc. 8, Ex. B at 1-2).

Rule 4.3 of the Alabama Rules of Civil Procedure further requires that Movants' counsel attest via sworn affidavit that the defendant's current address is unknown and cannot be reasonably ascertained, that he has been absent from said address for more than 30 days since the filing of the Complaint, and/or that the defendant is avoiding service. Movants' counsel's affidavit provides particularized facts justifying all three circumstances in which service via publication is permitted under Alabama state law. (*Id.* at Ex. D).

The Court finds that Movants have satisfied the requirements for service of this Rule 45 action and the Orders issued by the Court regarding the same on Marlo Gibson via publication due to his avoidance of service. Accordingly, Defendants/Third Party Plaintiffs Hirschbach Motor Lines, Inc. and Eric Jerome Campbell, Sr.'s motion for service of process via publication is **GRANTED.**

Movants are **DIRECTED** to comply with the provisions of Rule 4.3(d) of the Alabama Rules of Civil Procedure which require that the publication shall be filed in a newspaper of general circulation in Mobile County, Alabama. The contents of the publication shall further contain the requirements of Rule 4.3(d)(3). Movants are **ORDERED** to file proof of completed service by publication upon completion of the

requirements of Rule 4.3 of the Alabama Rules of Civil Procedure. Non-party Marlo Gibson is **ORDERED** to file his response to Movants' motion to show cause and/or for a finding of contempt within fourteen (14) days of Movants' filing of notice that service by publication has been completed.

      **DONE** and **ORDERED** this the **18th** day of **October, 2023**.

                s/P. BRADLEY MURRAY
                **UNITED STATES MAGISTRATE JUDGE**